LANDMAN, Respondent, vs. RASHMAN, Appellant.

*November 11, 1927—February 7, 1928.*

*Appeal: Order contingent on future action of party: Not appealable until opportunity for action afforded.*

A defendant, on his refusal to answer questions in an examination before a court commissioner under sec. 326.12, Stats., on the ground that they might tend to incriminate him, was ordered by the commissioner to answer, and on his refusal an order of commitment was entered. The circuit court entered an order affirming the action of the commissioner, but dissolving the stay of commitment if on return of the proceedings defendant should persist in his refusal to answer. *Held,* that the order, being contingent, was not a final one so as to be appealable.

APPEAL from an order of the circuit court for Milwaukee county: CHARLES L. AARONS, Circuit Judge. *Dismissed.*

This action was begun by a service of summons on the 23d day of June, 1927, and an examination of the defendant under sec. 326.12, Stats., to enable plaintiff to plead was held June 29, 1927, before Court Commissioner George E. Ballhorn. Upon such examination the defendant refused to answer three questions put to him by counsel for plaintiff upon the ground that if answered the answers might tend to incriminate him and he was advised by his counsel, Maurice Weinstein, not to answer such questions. The witness, however, was directed by the court commissioner to answer each of them. This he refused to do, and counsel for the defendant requested the commissioner to certify the questions to the circuit court for Milwaukee county to determine whether or not the defendant was obliged to answer. The commissioner refused to certify the questions and again instructed the witness to answer. The counsel for defendant advised him of his constitutional privilege and the witness again refused to answer. Thereupon the commissioner orally sentenced him to be committed to the county jail "until such time as he may be released by proper order."

The matter was brought to the circuit court for Milwaukee county by an order to show cause, and first heard by Judge BREIDENBACH, who entered a stay of proceedings and certain injunctions till it could be heard on the merits. The hearing on the merits was held before Judge AARONS and he entered the order appealed from, which contained among others the following provisions:

"That the motion of said defendant in effect to set aside the order of the court commissioner, Hon. George E. Ballhorn, be and hereby is denied; (2) that the injunction contained in said order of Hon. OTTO H. BREIDENBACH restraining said court commissioner from proceeding with said matter in any form be and the same hereby is dissolved; (3) that the injunction contained in said order restraining said court commissioner from compelling the defendant to make answer to such questions, to wit, those questions contained in the certificate of said court commissioner returned to this court, as defendant claims would tend to incriminate him, be and the same is hereby dissolved; (4) that the injunction contained in said order restraining said court commissioner from imposing any penalty upon said defendant for refusal to make answer to said questions be and the same hereby is dissolved; (5) that said order staying any commitment made by said court commissioner committing said defendant to jail for refusing to answer said questions upon the ground that those questions would tend to incriminate said defendant, be and the same hereby is dissolved, *if upon the return of said proceedings to said court commissioner the said defendant shall persist in his refusal to answer said questions.*"

For the appellant there was a brief by *Maurice Weinstein,* and oral argument by *Gilbert F. Lappley,* both of Milwaukee.

For the respondent there was a brief by *McGovern, Lyons, Curtis, Devos & Reiss* of Milwaukee, and oral argument by *F. E. McGovern.*

VINJE, C. J. It will be observed that the order appealed from is not a final order in a contempt proceeding because it

contemplates that the matter shall go back to the commissioner and the defendant shall be questioned further, and it is only in case he persists in his refusal to answer that the order of the commissioner shall become operative.

The order appealed from is a contingent one, to become effective only in case there is a second refusal by defendant to answer the questions. The opportunity for a second refusal has not been afforded him and we cannot say what he would do if questioned again. To be appealable an order must finally dispose of the matter under consideration, not contingently merely.

*By the Court.*—Appeal dismissed.